# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BLUEFIELD DIVISION

TERE WASHINGTON,

      Petitioner,

v.                                                Case No. 1:20-cv-00860

WARDEN, FCI McDowell,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

On December 18, 2020, Petitioner, who was then incarcerated at the Federal Correctional Institution, McDowell, in Welch, West Virginia, filed a Letter-Form Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking additional sentencing credit for time spent in a county jail. (ECF No. 1). However, Petitioner did not pay the applicable $5.00 filing fee or file an Application to Proceed Without Prepayment of Fees and Costs ("Application") at that time. That same day, the Clerk issued a Notice of Failure to Remit Filing Fee (ECF No. 2), which directed Petitioner to either pay the $5.00 filing fee or file an Application within 10 days.

On January 19, 2021, Petitioner filed an Application form that was not properly completed. (ECF No. 4). Thus, on April 16, 2021, the undersigned entered an Order and Notice directing Petitioner to either pay the $5.00 filing fee or file a properly completed Application form by April 30, 2021. (ECF No. 7). He was further advised that the failure to comply with the Order and Notice would result in the undersigned's recommendation that this matter be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal

Rules of Civil Procedure. (*Id.*) As of today's date, Petitioner has not complied with the undersigned's Order and Notice. Furthermore, the undersigned has determined that Petitioner was released from Federal Bureau of Prisons ("BOP") custody on June 11, 2021 and has failed to advise the court of his current contact information. *See* www.bop.gov/inmateloc.

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished). Such is the case here. Thus, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to prosecute this civil action.

Moreover, due to his apparent release from BOP custody, Petitioner's petition seeking additional credit towards his sentence for time spent in a county jail, appears to be moot. The United States Constitution limits the jurisdiction of federal courts to actual

cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007). As noted above, Petitioner has been released from BOP custody. Thus, as argued by Respondent, it appears that this federal court is no longer able to grant Petitioner's request for habeas corpus relief.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure or, in the alternative, as moot due to Petitioner's release from BOP custody.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the petitioner shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of

such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner at his last known address.

October 19, 2021

Dwane L. Tinsley
United States Magistrate Judge